The opinion of the court was delivered by
Manning, C. J.
This suit is for the enforcement of an award made .under an arbitration.
Jackson & Manson instituted suit in 1875 against John Eaymond and the defendant Hoffman to recover seven hundred and fifty five dollars for salt, which is alleged to have been sold to them, and “ used in the ■course of their business and on a certain lot of hides especially, now on board the ship Matura.” The petition also alleges that these two ■defendants have been doing business as commercial partners, buying and shipping hides, and judgment is prayed in solido against them. This suit was in the Fourth Court of this City, and several other parties bad brought suits against the same defendants in that Court for the value of hides. Hoffman proposed to submit his liability in these suits •to arbitration, which was agreed to on the part of the several claimants. Articles of submission were accordingly prepared and signed, -and the sum necessary to pay the claims was deposited with E. M. Hudson Esq. Attachments had been taken out, from the Fourth Court, ■and the proceedings there were discontinued when the agreement for arbitration was made.
The articles of submission recite, that whereas certain suits have been instituted in the Fourth Court by attachment against Hugo M. Hoffman and John Eaymond for the sums respectively claimed by the plaintiffs therein (and the names are set forth, and among them, Jackson & Manson), and whereas it is the desire of all parties, to determine -the liability of Hoffman to these creditors growing out of the alleged partnership between him and Eaymond, they agree to submit to arbitration the question whether Hoffman is indebted to these creditors, or *98 any of them, by reason of any partnership existing between him and Raymond, in consequence of any transactions between them in dealing-in hides. It was further agreed that those who had brought suits-against Hoffman should discontinue them, and double the amount of each plaintiff’s claim was stipulated to be paid by either party cast in the award as a penalty for not executing it. This submission was signed May 18, 1875.
On the 31st of same month Messieurs Gilmore & Sons, attorneys-of Jackson & Manson, addressed a letter to Messieurs Hudson & Fearn,. attorneys of Hoffman, setting forth the substance of their demand against Hoffman, and adding ; — “ The articles of submission prepared by you appear to submit the question whether Hugo M, Hoffman is indebted to us by reason of a'ny partnership existing between him and Raymond, in consequence of any transaction between them in dealing in hides since March 1875. Inasmuch as we (trusting to your accuracy) signed the paper without examination, and as doubts may arise as to the extent of the submission, we wish it understood that the whole case as far as Jackson & Manson are concerned is embraced within its provisions, and is before the arbitrators. Desiring to hear from you on this subject, we are etc.”
On the same day the attorneys of Hoffman replied; “ we understand the submission to arbitration to include the claim of Jackson &- Manson against H. M. Hoffman as set forth in their petition filed in the Fourth District court.”
The two arbitrators failed to agree, and an umpire decided that nocopartnership existed between Hoffman and Raymond for the transaction of a general business in hides, and that the claimants for the value-of hides sold to Raymond had no recourse against Hoffman, but that-Jackson & Manson’s claim for salt was good against Hoffman, because-it was proved to have been used on the hides in the ship, and was to be-paid for by Hoffman.
Hoffman refused to pay the sum awarded on the ground that the-umpire had gone beyond the terms of the submission, which confined him to the consideration of the sole question, whether a commercial partnership existed between Raymond and Hoffman, and having decided that none existed, his power and authority were at an end.
We do not think so. The articles of submission must be read by the light of the antecedent occurrences that gave rise to the arbitration. Several suits were in progress in the Fourth court against Hoffman. Jackson & Manson’s suit was for the value of salt used on hides-already on shipboard. All the others were for the value of the hides. Attachments were sued out by all the claimants. Hoffman proposed an arbitration. It was accepted, and one of the stipulations in it is that- *99 the suits shall be discontinued. They were discontinued — the attachments Were removed — and the ship left with her cargo. Manifestly the arbitration was to take the place of the suits. The deposit of money was to take the place of the property attached.' The questions submitted for arbitration were the claims set up in the suits, from whatever cause arising. The counsel on both sides so understood it. A letter of inquiry, occasioned by the peculiar phraseology of the submission, and written for the express purpose of avoiding any dispute about the matters included in it, was satisfactorily answered by the announcement that the submission did include all the matters included in the suit.
Hoffman now insists that he is bound only by the articles, which he signed, and not by his counsel’s letter interpreting them. To which we answer, that we interpret the articles by the suit which was displaced in consequence of the submission. He procured the dismissal of the suit and its attendant process of attachment, and got his property beyond reach, and he cannot be heard now, when he claims that the umpire assumed to decide what was not submitted to him. The umpire decided what the Fourth Court would have had to decide, if the suit had gone on. The issues that were before that court were also before the arbitrators. The object of the arbitration was the determination of those issues.
The plaintiff has sued, not alone to enforce the award, but also to recover the penalty, and the defendant has even claimed the penalty in reconvention. The plaintiff’s counsel has not even touched this point in his brief, and as it is by far the most important one in his case, would seem to have waived it, or not to rely on it. That a party can recover both the amount of an award, and the penalty for non-compliance with it, although the latter was not stipulated for mere delay, was held to be a correct interpretation of our Code in Hunt v. Zunts, 28 Annual, 500. Our examination of the provisions of the Code, has led us to a.different conclusion.
The creditor can sue for the execution of the principal obligation, or he may exact from the debtor the penalty stipulated, but he cannot demand both, unless the penalty has been stipulated for mere delay. Civil Code, arts. 2120 — 1. new nos. 2124 — 5. Another article states that it is usual to undergo a penalty of a certain sum of money in the submission, which the person who shall contravene the award, or bring appeal therefrom, shall be bound to pay to the other who is willing to abide by it. Art. 3073 new no. 3106. But this does not countenance the idea that because the party who abides by the award can sue for the penalty, he shall also recover the sum awarded, and when read along with the two articles first cited, the recovery of both is expressly prohibited. The mention of a single case where both can be recovered, *100 i. e. when the penalty is for mere delay, excludes the construction that such recovery is permitted in any other. Inclusio unius est exclusio alterius.
“This penalty is stipulated with the intention of indemnifying the creditor for the non-performance of the principal obligation ; it is consequently compensatory of the damages which he suffers from such non-performance. Hence it follows, that he ought in this case to elect, either to claim the execution of the principal obligation, or the penalty; that he ought to be satisfied with one of them, and that he cannot exact both.” 1 Pothier Obligations, 281.
The judgment of the lower court was for the amount of the award. The plaintiff asks us to amend it by giving him j udgment for the penalty in addition thereto. We do not think he is entitled to that. He has not abandoned his claim on the principal obligation, and elected to sue for the penalty. He can recover either the one or the other, but not both.
Judgment affirmed.
Rehearing refused.